IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| AUNDREY B. MOORE | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0962-M |
| | § | |
| CROWLEY COURTS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Aundrey B. Moore, a Texas prisoner, against the "Crowley Courts," two attorneys who represented him at his criminal trial, and various unnamed judges, prosecutors, and police officers. On May 30, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on July 17, 2007. The court now

-1-

determines that this case is barred by limitations and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

Although his *pro se* complaint and interrogatory answers are less than a model of clarity, plaintiff appears to allege that he was not tried within 180 days of his arrest as required by Texas law. On February 1, 2000, plaintiff was arrested by unnamed police officers for aggravated assault with a deadly weapon. Plaintiff was released from custody five days later after the charge was dropped. However, on May 23, 2000, plaintiff was arrested again on the same charge. He remained in custody for more than seven months without a trial. On January 7, 2001, plaintiff pled guilty to the lesser charge of making a terroristic threat and was sentenced to time served. By this suit, plaintiff, who maintains his innocence, seeks $12 million for mental anguish and other damages sustained as a result of his prolonged and wrongful incarceration.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Assuming *arguendo* that plaintiff has sufficiently alleged a civil rights claim against one or more of the defendants identified in his complaint and interrogatory answers,[1] his claim is barred by limitations. A federal civil rights action under 42 U.S.C. § 1983 must be brought not later than two years from the date the cause of action accrues. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990), *citing* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 1986). Here, plaintiff's cause of action accrued no later than January 7, 2001, when he pled guilty to making a terroristic threat and was sentenced to time served, thus ending his allegedly wrongful incarceration. However, plaintiff did not file suit until May 30, 2007--more than *six years* later. It is clear from the face of the pleadings that this claim is time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.

---

[1] One of the defendants named by plaintiff, the "Crowley Courts," is not a legal entity subject to suit. *See Daniel v. Dallas Co. Commissioner's Court*, No. 3-01-CV-0072-P, 2001 WL 167923 at *1 (N.D. Tex. Jan. 19, 2001) (county court not a separate entity with jural existence). Two other defendants, the judge and prosecutor involved in plaintiff's criminal trial, are immune from suit for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (judges); *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (prosecutors). Nor can plaintiff sue his former lawyers. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (private attorneys do not act "under color of state law" for purposes of section 1983 liability). Finally, plaintiff cannot prosecute a civil rights claim against the unnamed police officers referenced in his pleadings. *See Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997) (Fitzwater, J.), *citing Sigurdson v. Del Guercio*, 241 F.2d 480, 482 (9th Cir. 1956) (claims against "John Doe" defendants dismissed as frivolous because federal rules make no provision for joining fictitious defendants in an action under a federal statute).

1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 13, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE